IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION FILE NO. 4:10-CR-47-HLM-WEJ |
| STEVEN ALLAN DONALDSON, | |
| Defendant. | |

**NON-FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on defendant Randall Scott Anderson's Motion to Dismiss Indictment [49], asserting that 18 U.S.C. § 2422(b) is unconstitutional pursuant to the Tenth Amendment and that, regardless, he cannot be convicted of violating that statute because the alleged illegal activity did not involve an actual minor. Because defendant's contentions are without merit, the undersigned **RECOMMENDS** that the Motion to Dismiss Indictment be **DENIED**.

AO 72A
(Rev.8/82)

## I. BACKGROUND

On November 8, 2010, the grand jury returned a single-count Indictment [1] against Mr. Anderson, alleging as follows:

> Beginning on or about October 21, 2010, and continuing until on or about October 26, 2010, in the Northern District of Georgia, the defendant, STEVEN ALLAN DONALDSON, using a facility and means of interstate commerce, that is, a computer connected to the Internet, knowingly attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, child molestation (O.C.G.A. § 16-6-4), in violation of 18 U.S.C. § 2422(b).

(Indictment [1].)[1]

On April 14, 2011, following resolution of pretrial matters, the undersigned certified this case ready for trial [36]. On August 8, 2011, defendant filed the instant

---

[1] Section 2422(b) provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).



AO 72A (Rev.8/82)

Motion, to which the Government has responded [50] and defendant replied [51]. The District Court returned this case to the undersigned to address that Motion.

## II. DISCUSSION

### A. § 2422(b) Is Constitutional As Applied To Defendant

Defendant asserts that "[c]rimes against children have traditionally been purely local state matters," and argues that § 2422(b) violates the Tenth Amendment[2] because the power to regulate such behavior properly lies with the States. (Def.'s Mot. Dismiss 3-5.) He argues that the federal government has no jurisdiction over this case because his alleged communication with an undercover police officer regarding fictitious minors occurred entirely within the State of Georgia. (Id.) Defendant cites the Supreme Court's recent decision in Bond v. United States, 131 S. Ct. 2355 (June 16, 2011), in support of those arguments and asserts that Bond requires reexamination of Eleventh Circuit precedent, which holds that Congress properly enacted § 2422(b). (Def.'s Mot. Dismiss 1-7.)

Defendant reads Bond too expansively. The defendant in Bond engaged in a campaign of harassment toward her husband's mistress, which included placing

---

[2] The Tenth Amendment provides that "[p]owers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.



AO 72A
(Rev.8/82)

caustic chemicals on objects the woman was likely to touch. 131 S. Ct. at 2360. A grand jury in the United States District Court for the Eastern District of Pennsylvania indicted the defendant for, inter alia, violating 18 U.S.C. § 229, part of a federal statute implementing a chemical weapons treaty, which specifically forbids possession or use of certain chemicals. Bond, 131 S. Ct. at 2360. The defendant entered a conditional guilty plea, then appealed the trial court's determination that she did not have standing to challenge the constitutionality of her federal prosecution; the Third Circuit affirmed the lower court's decision. Id. at 2360-61. The Supreme Court granted certiorari. 131 S. Ct. 455 (2010).

The Supreme Court focused on "whether a person indicted for violating a federal statute has standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." Bond, 131 S. Ct. at 2360. Therefore, it did not reach the merits of the defendant's argument that, as applied to her, a federal statute forbidding possession or use of certain chemicals impinged on the sovereign authority of the Commonwealth of Pennsylvania to regulate her wholly local conduct. Id. at 2366-67. Instead, the Court explained that, in a proper case, a litigant may have prudential standing to "challenge a law as enacted in contravention of



AO 72A
(Rev.8/82)

constitutional principles of federalism," and observed that the litigant's claim "need not depend on the vicarious assertion of a State's constitutional interests, even if a State's constitutional interests are also implicated." Id. at 2365. The Court reversed and remanded the case, concluding that

> [t]here is no basis in precedent or principle to deny petitioner's standing to raise her claims. The ultimate issue of the statute's validity turns in part on whether the law can be deemed "necessary and proper for carrying into Execution" the President's Article II, § 2 Treaty Power, see U.S. Const.[] Art. I, § 8, cl. 18. This Court expresses no view on the merits of that argument. It can be addressed by the Court of Appeals on remand.

Id. at 2367.

Nothing in Bond requires this Court to second-guess binding Eleventh Circuit precedent. See United States v. Faris, 583 F.3d 756, 758-59 (11th Cir. 2009) (per curiam) (holding that Congress properly enacted § 2422(b) under both the Commerce Clause and the Necessary and Proper Clause)[3]; United States v. Liton, 311 F. App'x 300, 301 (11th Cir. 2009) (per curiam) (same).[4]

---

[3] Faris also confirmed that § 2422(b) applies to conduct occurring over internet and telephone lines, even where the alleged illegal communication was not routed out of state–as is alleged to be the case here. 583 F.3d at 759.

[4] At least one Circuit has concluded that § 2422(b)'s incorporation of sexual activities made criminal under state law does not violate the Tenth Amendment. United States v. Dhingra, 371 F.3d 557, 564-65 (9th Cir. 2004).



AO 72A
(Rev.8/82)

Because Eleventh Circuit jurisprudence remains binding on the Court, as it is not contravened by Bond, and defendant's alleged conduct may be prosecuted under § 2422(b), the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED** with regard to defendant's contention that § 2422(b) is unconstitutional as applied to this case.

**B. § 2422(b) Does Not Require An Actual Minor**

Defendant argues that, by its plain language and legislative history, § 2422(b) applies only to conduct involving actual minors. (Def.'s Mot. Dismiss 8-9.) Defendant further argues that 1 U.S.C. § 8 clarified the application of that statute to "[make] it abundantly clear that . . . conduct . . . which does not involve an actual child does not constitute a federal offense." (Def.'s Mot. Dismiss 9-10.)

The Eleventh Circuit has squarely rejected defendant's first argument, repeatedly holding that § 2422(b) permits prosecution of a person who arranges to have sex with a fictional minor through communications with an adult intermediary. United States v. Lanzon, 639 F.3d 1293, 1299 (11th Cir. 2011) (holding that an actual minor not necessary and that, regardless of whether an actual or supposed minor is involved, the government must show that the defendant "(1) intended to cause assent on the part of the minor, and (2) took a substantial step toward causing



AO 72A
(Rev.8/82)

assent, not toward causing actual sexual contact.") (internal citations and quotations omitted); United States v. Farley, 607 F.3d 1294, 1235 (11th Cir. 2010); United States v. Lee, 603 F.3d 904, 913 (11th Cir. 2010); United States v. Root, 296 F.3d 1222, 1227-29 (11th Cir. 2002).

Defendant's second argument to limit the application of § 2422(b) also fails. Rather than narrow the statute's definition of "individual," § 8(a) expands that term to include infants born alive by providing that,

> [i]n determining the meaning of any Act of Congress, or of any ruling, regulation, or interpretation of the various administrative bureaus and agencies of the United States, the words "person", "human being", "child", and "individual", shall include every infant member of the species homo sapiens who is born alive at any stage of development.

1 U.S.C. § 8(a) (emphasis added). Moreover, Congress adopted the above definition in 2002 as part of the Born-Alive Infants Protection Act (the "Act"), intending to provide certain protections to infants born in connection with partial birth abortions. See H.R. Rep. No. 107-186, at 1-2 (2001), reprinted in 2002 U.S.C.C.A.N. 620, 620-22. Section 8(a) and the Act's legislative history cannot be interpreted to narrow the application of § 2422(b) to actual minors, as defendant contends. Therefore, the undersigned **RECOMMENDS** that the Motion to Dismiss be **DENIED** with regard



AO 72A
(Rev.8/82)

to defendant's contention that his alleged conduct could not violate § 2422(b) because it did not involve an actual minor.

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that defendant's Motion to Dismiss Indictment [49] be **DENIED**.

**SO RECOMMENDED**, this 25th day of August, 2011.

Walter E. Johnson

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

UNITED STATES OF AMERICA

v.

STEVEN ALLAN DONALDSON,

Defendant.

CRIMINAL ACTION FILE
NO. 4:10-CR-47-HLM-WEJ

**ORDER FOR SERVICE OF**
**NON-FINAL REPORT AND RECOMMENDATION**

Let this Non-Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B) and the Court's Local Criminal Rule 58.1(A)(3)(a), be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Non-Final Report and Recommendation within fourteen days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing

for review by the District Court. Failure to object to this Non-Final Report and Recommendation waives a party's right to review. Fed. R. Crim. P. 58(b)(2).

The Clerk is directed to submit the Non-Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 25th day of August, 2011.

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev.8/82)