IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEVEN ALLAN DONALDSON. | CRIMINAL ACTION FILE NO. 4:10-CR-47-01-HLM |

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss Indictment [49], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [52], and on Defendant's Objections to the Non-Final Report and Recommendation [53].

AO 72A
(Rev.8/8
2)

**I. Standard of Review for a Report and Recommendation**

28 U.S.C.A. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely

AO 72A
(Rev.8/8
2)

objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. Macort, 208 F. App'x at 784. Legal conclusions, of course, are subject to de novo review regardless of whether a party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On November 8, 2010, a federal grand jury sitting in the Northern District of Georgia returned a single-count Indictment against Defendant, alleging as follows:

> Beginning on or about October 21, 2010, and continuing until on or about October 26, 2010, in the Northern District of Georgia, the defendant, STEVEN ALLAN DONALDSON, using a facility and means of interstate commerce, that is, a computer connected to the Internet, knowingly

3

attempted to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, that is, child molestation (O.C.G.A. § 16-6-4), in violation of 18 U.S.C. § 2422(b).

(Docket Entry No. 1.)[1]

On April 14, 2011, Judge Johnson entered an Order certifying this case ready for trial. (Docket Entry No. 36.) On August 8, 2011, Defendant filed his Motion to Dismiss Indictment. (Docket Entry No. 49.) On August 25, 2011,

---

[1]Section 2422(b) states, in relevant part:

Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b).

Judge Johnson issued his Non-Final Report and Recommendation, in which he recommended that the Court deny the Motion to Dismiss Indictment. (Docket Entry No. 52.)

Defendant has filed Objections to the Non-Final Report and Recommendation. (Docket Entry No. 53.) The Court has reviewed those Objections, and finds that no response from the Government is necessary. The Court consequently concludes that this matter is ripe for resolution.

AO 72A
(Rev.8/82)

## III. Discussion

### A. Section 2422(b) Is Constitutional As Applied To Defendant

In his Motion to Dismiss Indictment, Defendant contends that "[c]rimes against children have traditionally been purely local state matters," and argues that § 2422(b) violates the Tenth Amendment[2] because the power to regulate such behavior properly lies with the States. (Def.'s Mot. Dismiss at 3-5.) According to Defendant, the federal government has no jurisdiction over this case because Defendant's alleged communication with an undercover police officer regarding fictitious minors occurred entirely

---

[2] The Tenth Amendment provides that "[p]owers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

AO 72A (Rev.8/82)

within Georgia. (Id.) In support of this argument, Defendant cites Bond v. United States, 131 S. Ct. 2355 (June 16, 2011), and argues that Bond requires reexamination of precedent from the United States Court of Appeals for the Eleventh Circuit holding that Congress properly enacted § 2422(b). (Def.'s Mot. Dismiss at 1-7.) Defendant raises similar arguments in his Objections to the Non-Final Report and Recommendation, stating: "It is submitted that the federalism articulated in Bond v. United States as well as the United States Constitutional [sic] as adopted by the founding fathers and interpreted by [the] United States Supreme Court that this case should set the high water mark beyond which the federal criminal law cannot criminalize local criminal offenses as well as roll back the

flood of federalization of purely local offenses including §2422(b) piggybacking state offenses." (Def.'s Objections at 14.) For the following reasons, the Court agrees with Judge Johnson that <u>Bond</u>, standing alone, does not permit the Court to ignore binding Eleventh Circuit precedent and "set the high water mark" in this case.

First, the Court agrees with Judge Johnson that "Defendant reads <u>Bond</u> too expansively." (Non-Final Report & Recommendation at 3.) As Judge Johnson observed:

> The defendant in <u>Bond</u> engaged in a campaign of harassment toward her husband's mistress, which included placing caustic chemicals on objects the woman was likely to touch. 131 S. Ct. at 2360. A grand jury in the United States District Court for the Eastern District of Pennsylvania indicted the defendant for, <u>inter alia</u>, violating 18 U.S.C. § 229, part of a federal statute implementing a chemical weapons treaty, which specifically forbids possession or use of certain chemicals. <u>Bond</u>,

8

131 S. Ct. at 2360. The defendant entered a conditional guilty plea, then appealed the trial court's determination that she did not have standing to challenge the constitutionality of her federal prosecution; the Third Circuit affirmed the lower court's decision. Id. at 2360-61. The Supreme Court granted certiorari. 131 S. Ct. 455 (2010).

The Supreme Court focused on "whether a person indicted for violating a federal statute has standing to challenge its validity on grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States." Bond, 131 S. Ct. at 2360. Therefore, it did not reach the merits of the defendant's argument that, as applied to her, a federal statute forbidding possession or use of certain chemicals impinged on the sovereign authority of the Commonwealth of Pennsylvania to regulate her wholly local conduct. Id. at 2366-67. Instead, the Court explained that, in a proper case, a litigant may have prudential standing to "challenge a law as enacted in contravention of constitutional principles of federalism," and observed that the litigant's claim "need not depend on the vicarious assertion of a State's constitutional interests, even

9

if a State's constitutional interests are also implicated." Id. at 2365. The Court reversed and remanded the case, concluding that[:]

> [t]here is no basis in precedent or principle to deny petitioner's standing to raise her claims. The ultimate issue of the statute's validity turns in part on whether the law can be deemed "necessary and proper for carrying into Execution" the President's Article II, § 2 Treaty Power, see U.S. Const.[] Art. I, § 8, cl. 18. This Court expresses no view on the merits of that argument. It can be addressed by the Court of Appeals on remand.

Id. at 2367.

(Id. at 3-5.) Judge Johnson correctly concluded that "[n]othing in Bond requires this Court to second-guess binding Eleventh Circuit precedent." (Id. at 5 (collecting cases).) At most, for purposes of this case, Bond determined that an individual plaintiff has standing to

10

raise a Tenth Amendment claim. <u>Bond</u> says nothing about § 2422(b), and it simply does not reach this case. The Court therefore cannot use <u>Bond</u> as an excuse to ignore binding Eleventh Circuit precedent.

Second, even if, as Defendant argues, <u>Bond</u> requires re-examination of Eleventh Circuit precedent, that precedent still remains binding on this Court until it is overruled. Simply put, it is not this Court's place to "reexamine" the Eleventh Circuit's previous, binding decisions. The Court declines to do so here.

For the reasons discussed above, the Court finds that Judge Johnson properly determined that Eleventh Circuit precedent remains binding on the Court. The Court agrees with Judge Johnson that <u>Bond</u> does not contravene

11

Eleventh Circuit jurisprudence concerning § 2422(b), and that the Government consequently may prosecute Defendant for his alleged conduct under that statute. The Court therefore adopts this portion of the Non-Final Report and Recommendation, overrules Defendant's corresponding Objections, and denies the Motion to Dismiss Indictment with respect to Defendant's argument that § 2422(b) is unconstitutional as applied to his case.[3]

---

[3] In his Objections, Defendant also argues that "the bringing of federal charges has been discriminatory because out of over a hundred men who were enticed and entrapped as well as locally charged and prosecuted by Catoosa County the only two who involved homosexual solicitation were indicted federally." (Def.'s Objections at 3.) The Court observes that Defendant's initial Motion focused on whether § 2422(b) violated the Tenth Amendment and whether Defendant could be prosecuted for a crime that did not involve an actual minor--not alleged discrimination. The Court consequently declines to address any contention by Defendant that his prosecution was "discriminatory" in connection with the instant Motion.

AO 72A
(Rev.8/82)

### B. Section 2422(b) Does Not Require An Actual Minor

Next, Defendant argues that § 2422(b) applies only to conduct involving actual minors. (Def.'s Mot. Dismiss at 8-9.) According to Defendant, 1 U.S.C. § 8 clarified the application of § 2422(b) to "[make] it abundantly clear that . . . conduct . . . which does not involve an actual child does not constitute a federal offense." (Id. at 9-10.) In his Objections, Defendant contends that Congress adopted 1 U.S.C. § 8 "[i]mmediately following the decision of the Eleventh Circuit in United States v. Root," thereby making it "abundantly clear that the conduct at issue in this case which does not involve an actual child does not constitute a federal offense." (Def.'s Objections at 13-14.)

13

Judge Johnson properly recommended that the Court deny this portion of the Motion to Dismiss Indictment. As Judge Johnson observed, the Eleventh Circuit "has squarely rejected" Defendant's argument that a prosecution under § 2422(b) requires an actual minor. (Non-Final Report & Recommendation at 6-7 (collecting cases).) Additionally, Judge Johnson properly concluded that 1 U.S.C. § 8(a) did not narrow § 2422(b)'s definition of "individual," and that the statute instead expanded the term "individual" to include infants born alive. (Id. at 7.) Judge Johnson correctly noted that "[s]ection 8(a) and the Act's legislative history cannot be interpreted to narrow the application of § 2422(b) to actual minors, as [D]efendant contends." (Id.) The Court further observes that the

enactment of 1 U.S.C. § 8 has not caused the Eleventh Circuit to reexamine its previous precedent holding that a prosecution under § 2422(b) does not require an actual minor, and that the previous Eleventh Circuit precedent remains binding on the Court. The Court consequently cannot reject that binding precedent based on Defendant's interpretation of 1 U.S.C. § 8. Judge Johnson therefore properly recommended that the Court deny this portion of the Motion to Dismiss Indictment.

For the reasons discussed above, Judge Johnson correctly rejected Defendant's argument that a prosecution under § 2422(b) requires an actual minor. The Court therefore adopts this portion of the Non-Final Report and Recommendation, overrules Defendant's corresponding

15

Objections, and denies the portion of the Motion to Dismiss Indictment relating to Defendant's argument that his alleged conduct could not have violated § 2422(b) because it did not involve an actual minor.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [52], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation [53], and **DENIES** Defendant's Motion to Dismiss Indictment [49].

IT IS SO ORDERED, this the 6 day of September, 2011.

_____
UNITED STATES DISTRICT JUDGE

AO 72A (Rev.8/82)